STOULIG, Judge.
The issue presented by this appeal is the value of legal services rendered to defend a client whose son was booked by New Orleans police on five counts of possession or distribution of LSD and heroin.
Defendant’s son was arrested in early November 1971 and booked on five counts: three for distribution of LSD, one for possession of heroin and one for possession of LSD. Having no previous arrest record, the youth was released on a $7,500 cash bond. On November 11, 1971, plaintiff was retained by defendant, M. Cordill Grü-newald, acting through his own attorney who did not practice criminal law. Plaintiff arranged to have the cash bond returned by obtaining an order from one of the criminal court judges releasing the youth on his own recognizance. By the time of the arraignment on November 14, 1971, the district attorney, after conferring with plaintiff, agreed not to accept three of the five charges. Although young Grü-newald entered a plea of not guilty to the other two charges, it was understood by prosecutor and defense counsel that he would change the plea to guilty, receive a suspended sentence and be placed on probation, provided he obtained psychiatric treatment. The guilty pleas were entered December 20, 1971. Plaintiff estimated this representation required a total of between 40 and 45 hours.
Having accepted a $1,500 retainer and having advised Grünewald the fee might be substantial because of the seriousness o.f the charges, Masinter sent a statement for $16,000[1] as the balance due. Grünewald protested the charge was exorbitant. In the ensuing months, according to plaintiff, the litigants met and verbally agreed to compromise the remaining amount due at $11,000. When Masinter was not paid, he filed suit on the alleged contract of compromise; however, during the course of the trial he amended his pleading to alternatively request the full $17,500. After the first trial, judgment was rendered for $11,000.[2] Defendant appealed and we annulled the judgment because the alleged compromise agreement had not been reduced to writing and under C.C. art. 3071 was not enforceable. We did not set a fee under the alternative quantum meruit claim. We noted that while there was testimony as to the extent of the service, there was insufficient evidence to establish value. Therefore we remanded this matter to permit both litigants to adduce evidence on that point.
The four experts called by plaintiff all agreed that the result in a criminal case was the paramount consideration and that plaintiff obtained remarkable results by keeping young Grünewald out of jail considering the seriousness of the charges. They minimized the time factor as a consideration in setting fees. All credited the successful result to plaintiff’s experience and his contacts within the criminal justice system. Thus they felt a fee of $17,500 for the result obtained was fair and reasonable. One expert candidly conceded that fees in criminal cases are generally set *878 on a “what the traffic will bear” basis. The other three, using semantic niceties to describe this practice, in effect also conceded the economic condition of the client to a large extent determined what fee would be charged.
It was the experts called by plaintiff that impressed the trial judge and accordingly he awarded Masinter the $16,000 he demanded.
We note with interest plaintiff valued his own service in this case at $2,500 per count. Even though his experts testified it would have been reasonable for him to charge $17,500, we conclude he is bound by his own measure of the worth of his services. Once the contract of compromise was not recognized, this suit became one in quantum meruit. We quote the testimony we think limits plaintiff to a fee of $12,500:
“Q Now, getting back, Mr. Masinter, how did you arrive at the fee of 175?
A Well, there was five cases, I usually charge anywhere from $2500 to $5000 per charge, I charged a minimum of $2500 times five, that’s what it comes out to $17,500, and I feel when I accept a case, when I accept a case it’s to dispose of it as advantageously for my client as I can and I don’t take a case on whether the charge is not accepted by the District Attorney’s office or if I go to trial or win it or lose it.
Q So your custom is to charge $2500 per charge?
A Minimum, you know, I’d have to recompute it, I don’t have a computer here, but that’s a minimum on narcotics cases.
Q Well, five times 25 by my arithmetic is 125.
A Well, I just said if I made a mistake, I made a mistake, whatever it is that computes out to 175, I don’t have pencil and paper here, that’s the way it was done.” (Emphasis added.)
It is plaintiff’s burden to establish the value of his services by a preponderance of the evidence. He unequivocally stated he charged the minimum of $2,500 per count and then he multiplied incorrectly. When the error was called to his attention, he answered he made a mistake and then stated he charged whatever multiplied by five equalled $17,500. This does not clarify his original statement. We will amend the judgment to award the fee plaintiff set with his own testimony.
For the reasons assigned, the judgment appealed from is amended to reduce the award from $16,000 to $12,500, subject to a credit of the payment of $1,500, and, as amended, affirmed.

AMENDED AND AFFIRMED.

. Total fee of $17,500 less $1,500 retainer.

. $12,500 less $1,500 retainer.